FILED
United States Court of Appeals
Tenth Circuit

November 8, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID J. GARCIA,

      Petitioner-Appellant,

v.

L. ARCHULETA, Warden, and
JOHN W. SUTHERS, Attorney
General of the State of Colorado,

      Respondents-Appellees.

No. 07-1376
(D.C. No. 07-cv-01574-ZLW)
(D. Colo)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

David J. Garcia, an inmate proceeding *pro se*, seeks a certificate of

appealability ("COA") to review the district court's dismissal of his petition for

habeas corpus. Agreeing with the district court that Mr. Garcia's petition is

untimely, we deny his request for a COA and dismiss this appeal.

\* \* \*

In 1997, Mr. Garcia was convicted by a Colorado jury of first degree

assault with a deadly weapon and felony menacing. He was also adjudicated an

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habitual offender and ultimately sentenced to 64 years in prison. *See* Colo. Rev. Stat. §§ 18-1.3-801, 18-1.3-401. His conviction was affirmed on appeal. He did not file a petition for certiorari from the Colorado Supreme Court, and the mandate issued finalizing his sentence on March 31, 1999.

More than two-and-a-half years later, on October 11, 2001, Mr. Garcia filed a *pro se* motion in state court seeking appointment of counsel to assist him in filing a state post-conviction petition. He charged error in the initial criminal proceedings and alleged that his counsel was ineffective. In the alternative, Mr. Garcia requested that the court consider his motion as one for post-conviction relief. The state court honored Mr. Garcia's alternative request, treated his motion as one for post-conviction relief under Colorado Criminal Procedure Rule 35(c), and summarily denied it. Mr. Garcia did not appeal that order, but filed a separate *pro se* Rule 35(c) motion. That, too, was denied; the court of appeals affirmed, and the Colorado Supreme Court denied certiorari.

Mr. Garcia sought post-conviction relief from the Colorado state court once more in September 2006. This petition was, too, denied. On appeal, the court of appeals affirmed, noting that the petition was time-barred and successive; the Colorado Supreme Court again denied certiorari.

Mr. Garcia then shifted his attention to federal court and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the District of Colorado. In his federal petition, Mr. Garcia asserted four claims – ineffective assistance of trial

counsel, ineffective assistance of appellate counsel, denial of proportionality review of his sentence as an habitual offender, and trial court error in applying the habitual criminal sentence enhancement provisions of Colorado law.

The magistrate judge noted that Mr. Garcia apparently had not pursued the second and third of these claims in state court as required by our precedent, *see*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), *Dever v. Kansas State Penitentiary*, 36 F.3d 1532, 1534 (10th Cir. 1994), and that all four claims appeared to have been filed well outside the one-year limitations period codified in 28 U.S.C. § 2244(d). Accordingly, the magistrate judge issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies or for failure to file within the limitations period.

After reviewing Mr. Garcia's response, the district court dismissed his petition as untimely without reaching the question of the exhaustion of state remedies. The district court reasoned that, even assuming Mr. Garcia's initial motion for post-conviction relief tolled the statute of limitations, that motion was filed after the statutory period expired. The district court further found no grounds for equitably tolling Mr. Garcia's claims. After entering its order, the district court denied Mr. Garcia a COA to bring his appeal to this court and further denied his petition to proceed *in forma pauperis*. The district court found that Mr. Garcia had not made a substantial showing of the denial of a constitutional right, nor presented any non-frivolous argument in support of the

-3-

issues raised on appeal.

* * *

We may issue a COA only if Mr. Garcia has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismissed his petition on procedural grounds, Mr. Garcia must also show that "jurists of reason would find it debatable" whether his claim was time-barred. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even viewing Mr. Garcia's application with the generosity due *pro se* filings, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007), we cannot find that he has met that burden.

Under federal law, a criminal defendant must seek a writ of habeas corpus within one year of the date that his conviction became final. *See* 28 U.S.C. § 2244(d). Even assuming that Mr. Garcia's October 2001 motion tolled the limitations period, that filing was made more than one year after his conviction became final in March 1999. Neither has Mr. Garcia offered any meritorious reasons for this delay. Simply stating that the error is attributable to justifiable excuse or excusable neglect is insufficient to toll the limitations period; Mr. Garcia has pointed to no facts indicating that he diligently pursued his claims between March 1999 and October 2001 and that the failure to file by March 2000 was caused by extraordinary circumstances beyond his control. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Under these circumstances, no reasonable jurist would debate the district court's determination that Mr. Garcia's

claims were time-barred.

* * *

Mr. Garcia's application for a COA and his request to proceed *in forma pauperis* are denied. This appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge