**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

ANTOINE CARDIN WILLIAMS,

Defendant‑Appellant.

No. 10-3071
(D.C. No. 5:09-CR-40024-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Pursuant to a plea agreement, Antoine Cardin Williams pleaded guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); robbery of a federal agent in violation of 18 U.S.C. § 2112; use and brandishing of a weapon during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; assault on a federal agent in violation of 18 U.S.C.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 111(a), 111(b) and 2; and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). The court sentenced him to 204 months' imprisonment. Despite having waived his right to appeal, Mr. Williams appealed. The United States has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Williams argues only that the waiver was not knowing and voluntary. He states he has been assessed with an IQ of 69, and a defense-requested psychological evaluation placed his intelligence in the extremely low range. He also points to several incidents in his past that contributed to his cognitive difficulties. As a result, he contends, "it is questionable whether [he] was capable of knowingly waiving his appellate rights." Resp. at 3.

It is not clear whether Mr. Williams' suggestion that he was not "capable" is intended to allege that he was not mentally competent to waive his right to appeal. *See Godinez v. Moran*, 509 U.S. 389, 400-01 (1993) (instructing district courts, in the context of guilty pleas and waiver of counsel, to determine competency, then to satisfy themselves that the waiver of constitutional rights is knowing and voluntary). But an assertion that Mr. Williams was not competent to

waive his right to appeal would necessarily also imply that he was not competent to plead guilty. *See id.* at 404 (Kennedy, J., concurring in part and concurring in the judgment) ("The Due Process Clause does not mandate different standards of competency at various stages of or for different decisions made during the criminal proceedings."). Given that the docketing statement identifies the reasonableness of the sentence as the sole appeal issue, it does not appear that Mr. Williams wishes to contest the acceptance of his guilty plea. Thus, we proceed under the assumption that he does not challenge the district court's determination of competency.

"The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez*, 509 U.S. at 401 n.12 (emphasis omitted). We consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Williams bears the "burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). "A mere silent record does not satisfy this burden." *Id.* at 873.

Both the plea agreement and the plea colloquy indicate that Mr. Williams was informed of the appeal waiver and that he knowingly and voluntarily

accepted it. In the paragraph addressing the appeal waiver, the plea agreement

stated that the waiver was knowing and voluntary. Mot. to Enforce, Attach. (Plea

Agreement) at 8. Just before the signatures, the agreement provided that

Mr. Williams had read and understood the plea agreement, and that it was "true

and accurate and not the result of any threats, duress or coercion." *Id.* at 10.

"The defendant acknowledges that the defendant is entering into this agreement

and is pleading guilty because the defendant is guilty and is doing so freely and

voluntarily." *Id.* In addition, at the plea colloquy, the district court ascertained

that Mr. Williams can read. *Id.*, Attach. (Change of Plea Transcript) at 3. The

prosecutor summarized the terms of the plea agreement, including the appeal

waiver, and the court confirmed that Mr. Williams understood and agreed with the

prosecutor's statements. *Id.* at 6-7. The court further confirmed that it was

Mr. Williams's decision to enter into the plea agreement and that he was doing so

voluntarily. *Id.* at 7-8. And the court addressed the waiver provision:

> As part of the plea agreement you understand that you are agreeing to
> give up your right to appeal from issues concerning the investigation
> and the prosecution and the sentence in this case, with certain
> exceptions? You're not going [to] be able to appeal from issues
> regarding the investigation, prosecution, or conviction in this case, or
> sentence in this case. Do you understand that?

*Id.* at 8. Mr. Williams answered "Yes, ma'am." *Id.*

Mr. Williams does not identify any evidence showing that he did not

understand the *appeal waiver* (as distinguished from difficulties he may have had

in understanding other legal issues that arose during the colloquy). Having been found competent, he cannot rely solely on low intelligence to create a presumption that he could not knowingly and voluntarily waive his right to appeal. *Cf. Fields v. Gibson*, 277 F.3d 1203, 1215 n.7 (10th Cir. 2002) ("Absent a finding of incompetence, evidence regarding Fields's below-average intelligence does not establish that the guilty plea was involuntary."); *Wolf v. United States*, 430 F.2d 443, 445 (10th Cir. 1970) ("The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea."); *see also Smith v. Mullin*, 379 F.3d 919, 933 (10th Cir. 2004) (concluding that defendant diagnosed with mild-to-borderline mental retardation knowingly and intelligently waived his *Miranda* rights).

Because Mr. Williams does not identify any evidence showing a lack of understanding with regard to the appeal waiver, he has not met his burden to show that the waiver was not knowing and voluntary. The motion to enforce the appeal waiver is GRANTED, and this appeal is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM