FILED
United States Court of Appeals
Tenth Circuit

October 10, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTOINE CARDIN WILLIAMS,

    Defendant - Appellant.

No. 12-3105
(D.C. Nos. 5:11-CV-04123-JAR and
5:09-CR-40024-JAR-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Antoine Cardin Williams, a federal inmate appearing pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. United States v. Williams, No. 09-40024-01-JAR, 2012 WL 28062 (D. Kan. Jan. 5, 2012). The district court dismissed his motion as time-barred. Because Mr. Williams has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we also deny a COA and dismiss this appeal.

On October 20, 2009, Mr. Williams plead guilty to Counts 1, 3, 4, 6, and 8 of an indictment charging him with distribution of cocaine base (Count 1), aggravated robbery of a federal agent (Count 3), the use or brandishing of a

weapon during or in relation to a crime of violence (Count 4), aggravated assault on a federal agent (Count 6), and possession of a firearm by a convicted felon (Count 8). R. 18-19. Mr. Williams was sentenced to 204 months' imprisonment and five years supervised release. R. 20-21. Despite having waived his right to appeal, Mr. Williams appealed his conviction, arguing that his waiver was not made knowingly and voluntarily. R. 62. On June 22, 2010, this Court upheld the waiver and dismissed the appeal. United States v. Williams, 383 F. App'x 792, 794 (10th Cir. 2010).

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2255 motion on procedural grounds, the movant must demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Section 2255 contains a one-year limitations period which runs from the date a conviction is deemed final. 28 U.S.C. § 2255(f)(1). Mr. Williams's conviction became final on September 20, 2010, when the ninety days to seek certiorari review in the United States Supreme Court expired. Rule 13.1, Rules of the Supreme Court. He therefore had until September 20, 2011, to file a habeas petition. Mr. Williams's petition, filed on October 3, 2011, was untimely.

Mr. Williams argues that equitable tolling is appropriate because he suffers

from a mental disability. R. 25. For equitable tolling to apply, the movant must show (1) that he has been "pursuing his rights diligently" and (2) that "some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling based on mental incapacity is warranted only in "exceptional circumstances," where, for example, the "'objective standard of adjudication or institutionalization'" is met. Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (citation omitted); see Wiegand v. Zavares, 320 F. App'x 837, 839 (10th Cir. 2009) (no equitable tolling in the absence of institutionalization or an adjudication of incompetence). As the district court noted, Mr. Williams was never adjudicated incompetent or institutionalized for mental incapacity. R. 65. Instead, Mr. Williams relies on his low cognitive functions to establish mental incapacity. Id. This showing, however, is inadequate to justify equitable tolling.

Furthermore, the record suggests that Mr. Williams was competent at the time he entered his guilty plea. After a lengthy plea colloquy, the district court found that "the defendant, Antoine Cardin Williams, is mentally competent at today's hearing and was at the time of the commission of the offense." Tr. of Change of Plea Hrg. at 46. This finding cuts against equitable tolling. See Fisher v. Gibson, 262 F.3d 1135, 1143-45 (10th Cir. 2001) (giving weight to the court's competency determination when rejecting a claim for equitable tolling). Finally, it bears mentioning that Mr. Williams, on this appeal, argues the merits of his

claim–why his waiver was involuntary and counsel ineffective–instead of addressing the issue of equitable tolling. He puts forth no additional reasons for this Court to question the decision below. In sum, the district court's time bar and equitable tolling rulings are not reasonably debatable.

We DENY a COA, DENY in forma pauperis ('IFP") status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge