FILED
United States Court of Appeals
Tenth Circuit

July 30, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

JAMES L. CARLSON,

Petitioner-Appellant,

v.

REX PRYOR,

Respondent-Appellee.

No. 15-3061
(D.C. No. 5:13-CV-03113-SAC)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

James Carlson was convicted in a Kansas court of aggravated kidnapping, criminal threat, and domestic battery. For these state crimes, the court sentenced him to 272 months in prison. After the Kansas Court of Appeals affirmed his convictions on direct appeal, *State v. Carlson*, 93 P.3d 1226 (Kan. Ct. App. 2004) (unpublished table decision), and the Kansas Supreme Court denied his petition for review as improvidently granted, *State v. Carlson*, 104 P.3d 402 (Kan. 2005) (per curiam) (unpublished table decision), Mr. Carlson brought a series of state

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

post-conviction challenges. When these challenges, too, failed to win him relief, he filed an application for habeas corpus under 28 U.S.C. § 2254 in federal district court. In the end, however, the district court dismissed the motion after finding his petition untimely and denied a certificate of appealability (COA). Mr. Carlson now seeks from us a COA in order to challenge the district court's denial of his motion.

By statute, we may issue a COA only if the petitioner first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismissed a petition as untimely, the petitioner must "show that 'jurists of reason would find it debatable' whether his claim was time-barred." *Garcia v. Archuleta*, 253 F. App'x 802, 803 (10th Cir. 2007) (quoting *Slack v. MacDaniel*, 529 U.S. 473, 484 (2000)). This he cannot do.

Mr. Carlson doesn't dispute that his petition was untimely but suggests that the district court should have equitably tolled the limitations period to permit his claim. The statute of limitations for habeas petitions is, of course, subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). But equitable tolling is appropriate only if the petitioner demonstrates both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance," prevented him from timely filing the petition. *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Otherwise, a petitioner may avoid the time bar only by a showing of actual innocence.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013).  In the materials before us, Mr. Carlson offers no allegation as he must that he pursued his rights diligently during the period he seeks to toll.  Likewise, though he asserts his innocence, his papers supply no persuasive support for this contention.  Accordingly, a reasonable jurist could not find the district court's resolution debatable.

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge