**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN NATHANIEL JORDAN,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Interim
Director,

      Respondent - Appellee.

No. 16-5016
(D.C. No. 4:15-CV-00409-CVE-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

      In 2006, Alvin Jordan pleaded guilty in an Oklahoma court to first-degree murder and other charges. More than nine years later, Mr. Jordan filed this federal habeas petition under 28 U.S.C. § 2254. The district court dismissed his petition as untimely and denied his request for a certificate of appealability ("COA"). Now before this court, Mr. Jordan renews his request for a COA so that he might challenge the district court's dismissal of his petition.

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court dismissed a petition as untimely, that means the petitioner must "show that 'jurists of reason would find it debatable' whether his claim was time-barred." *Garcia v. Archuleta*, 253 F. App'x 802, 803 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We see no grounds on which reasonable jurists might debate the district court's ruling. Mr. Jordan's federal petition comes well outside the one-year period permitted by statute. *See* 28 U.S.C. § 2244(d)(1). Neither does he question the district court's determination that none of the grounds for statutory tolling apply in his case. *See id.* Instead, he argues only that the district court should have equitably tolled the limitations period to permit his claim. Mr. Jordan is correct that the statute of limitations period for habeas petitions is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). But such tolling is only appropriate if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). And that much we do not see here. Mr. Jordan suggests his diligence is proven by a previous collateral motion he brought in 2007, but he doesn't explain his

inactivity before or after that motion. When it comes to the extraordinary circumstance that prevented him from filing a timely petition, Mr. Jordan suggests he suffers from a mental disability. But he was deemed competent to enter a plea in 2006, and he does not explain how mental health issues rendered him unable to file this petition earlier. In these circumstances we cannot say he has borne the burden he must to win equitable tolling. *See, e.g.*, *Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001); *O'Bryant v. Oklahoma*, 568 F. App'x 632, 636 (10th Cir. 2014); *United States v. Williams*, 485 F. App'x 978, 979 (10th Cir. 2012).

The request for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge