FILED
United States Court of Appeals
Tenth Circuit

June 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LATORIS DEWAYNE COLLINS,

     Petitioner - Appellant,

v.

CARL BEAR, Warden,

     Respondent - Appellee.

No. 16-6339
(D.C. No. 5:16-CV-00951-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

     Latoris DeWayne Collins, a state prisoner appearing pro se,[1] seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his habeas petition

under 28 U.S.C. § 2254 as untimely. Collins doesn't contest that he filed his petition

outside the statutory limitations period. Instead, he argues that he is entitled to

equitable tolling. Because we conclude that jurists of reason would not find it

debatable that the district court was correct in its procedural ruling, we deny Collins

a COA and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited however, for its persuasive
value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule
32.1.

[1] Because Collins appears pro se, we liberally construe his petition. *Clark v.
Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006).

## BACKGROUND

A jury convicted Collins on two counts of first-degree rape and two counts of kidnapping after he kidnapped two women, threatened their lives, and raped them. *Collins v. State*, 223 P.3d 1014, 1015, 2017 (Okla. Crim. App. 2009). The district court sentenced him to 20 years' imprisonment for each count.[2] *Id.* at 1015.

Collins appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). On December 17, 2009, the OCCA affirmed.[3] *Id.* at 1023. In the 90 days available to do so, Collins did not file a petition for certiorari to the United States Supreme Court. Instead, Collins waited until October 2, 2013, three years and six months after he could have filed a certiorari petition, to file a state-court application for post-conviction relief. The state district court denied Collins's application.

Next, Collins filed an application for a post-conviction appeal out of time, which the district court granted. Even though the district court granted Collins additional time, Collins still missed the deadline, and the district court denied his application for post-conviction relief. The OCCA affirmed that denial.

On August 19, 2016, more than five years after Collins's convictions became final, Collins petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Upon

---

[2] Collins's rape sentences ran concurrently and then consecutively to concurrent kidnapping sentences, so yielded a 40-year consecutive term.

[3] After affirming Collins's convictions and sentences, the OCCA remanded to the district court to amend the Judgment and Sentence to reflect that all four convictions occurred after Collins had two or more previous felony convictions.

receiving Collins's petition, the magistrate judge issued a Report and Recommendation, recommending that the district court dismiss Collins's petition as untimely. The Report and Recommendation concluded that the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), governed Collins's petition. Under AEDPA, Collins's convictions became final on March 17, 2010, that is, 90 days[4] after the OCCA affirmed Collins's convictions. Because his convictions became final on March 17, 2010, Collins had until March 17, 2011 to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. Noting that Collins had waited to file until more than five years after his judgment became final, the Report and Recommendation concluded that his petition was untimely absent equitable or statutory tolling of the limitation period.

The Report and Recommendation rejected Collins's argument that equitable or statutory tolling applied, recommended dismissal of the petition, and advised Collins that he could object to any of its findings. In response, Collins objected only to the Report and Recommendation's conclusion regarding equitable tolling, asserting that he was actually innocent. The district court adopted the Report and Recommendation and dismissed Collins's petition as time-barred. It also denied Collins a COA.

---

[4] Sup. Ct. R. 13.1(a certiorari petition must be filed within 90 days of entry of judgment).

3

## DISCUSSION

### A. Procedural Bar

We issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As in this case, when the district court dismisses a habeas petition on procedural grounds, we issue a COA only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Resolution of procedural issues first is allowed and encouraged by the rule that this Court will not pass upon a constitutional question if there is also present some other ground on which to resolve the case. *Id.* at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (holding that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of")).

Collins argues that the district court erred in concluding that his claims were procedurally barred. But we agree with the district court, and we do not believe that reasonable jurists would find it debatable that Collins's habeas petition was untimely and procedurally barred. AEDPA establishes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d). Here, the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). When

4

the petitioner hasn't petitioned for certiorari with the Supreme Court, the one-year period begins to run "after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, the judgment is final 90 days after the final state court's review. *See* Sup. Ct. R. 13.1 (requiring certiorari petition to be filed within 90 days after entry of judgment).

On December 17, 2009, the OCCA affirmed Collins's convictions. *Collins*, 223 P.3d at 1023. Collins didn't petition for certiorari so his convictions became final 90 days later on March 17, 2010. Collins had one year, until March 17, 2011, to file any habeas petition. 28 U.S.C. § 2244(d). Instead of filing within this period, Collins waited until August 19, 2016, more than five years after the statute of limitations had expired.

Collins argues that equitable tolling applies to the one-year limitation under AEDPA. Equitable tolling of the one-year limitation may be granted, however, in "rare and exceptional circumstances." *Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (quoting *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003)). A petitioner must show that (1) he has diligently pursued his rights and (2) that some extraordinary circumstance stood in his way from timely filing. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Conclusory statements that a petitioner has diligently pursued his rights and remedies are insufficient. *Id.* at 930. In *Yang v. Archuleta*, the petitioner argued that a lack of access to legal texts in his native language justified equitable tolling of the AEDPA one-year limitation. *Id.* at 927. We

rejected this argument, reasoning that the petitioner had made mere statements but had not described what actions he pursued to secure assistance with his language barrier, nor explained how the barrier affected him during earlier court proceedings. *Id.* at 930. We therefore concluded that no reasonable jurist could debate the district court's finding that the petitioner's "proffer of extraordinary circumstances and diligence did not entitle him to equitable tolling." *Id.*

Here, Collins argues that he is entitled to equitable tolling on the limitation period "due to circumstances beyond his control . . . [a]nd through no fault of his own due to state action." Appellant's Br. at 2. Collins also argues that "[a] COA should issue to review further an equitable tolling exception to appellant's constitutional claims on the merits in the interest of justice." *Id.* But Collins provides no explanation how he diligently pursued his rights and he doesn't specify any circumstances beyond his control. Collins's conclusory statements fall short of the standard needed to show equitable tolling.

On appeal, Collins also argues that AEDPA's one-year limitation is statutorily tolled. In the Report and Recommendation, the magistrate judge rejected this argument, concluding that statutory tolling didn't apply. Collins didn't object to that part of the magistrate's order. Because Collins didn't object, we refrain from addressing this issue. *Moore v. United States*, 950 F.3d 656, 659 (10th Cir. 1991) (finding "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions").

6

But even if we considered Collins's statutory tolling argument, we agree with the Report and Recommendation that statutory tolling is inapplicable. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The problem with Collins's argument is that "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Collins petitioned for state post-conviction relief after the one-year limitations period had already expired. Thus, he is not entitled to statutory tolling.

## B.    Charges and Sentence

Finally, Collins presents two arguments related to the merits of his appeal: (1) that the trial court erred by joining his two rape charges and by excluding evidence that one of the rape victims had earlier convictions for prostitution, and (2) that the trial court incorrectly sentenced him to consecutive, instead of concurrent, sentences. We do not address these issues unless a COA is issued, which we decline to do. 28 U.S.C. § 2253(c)(1)(A). And Collins never presented these arguments to the district court in his petition for writ of habeas corpus. *See Coppage*, 534 F.3d at 1282 (arguments not raised in district court need not be addressed).

**CONCLUSION**

For these reasons, we deny Collins a COA on the district court's denial of his petition for a writ of habeas corpus, deny his motion to proceed in forma pauperis, and dismiss the appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

8