**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLARD LESLIE REUPERT,

      Petitioner - Appellant,

vs.

RANDY WORKMAN,

      Respondent - Appellee.

No. 01-6440
(D.C. No. 01-CV-533-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner-Appellant Willard L. Reupert, a state inmate appearing with counsel, seeks a certificate of appealability ("COA") allowing him to appeal the denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Upon recommendation of the magistrate judge, the district court dismissed the action as untimely under the one-year limitation period contained in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

28 U.S.C. § 2244(d)(1). Mr. Reupert contends that the limitation period should be equitably tolled because he could not diligently pursue his claim due to his mental incompetence. We deny Mr. Reupert's motion for a COA, and dismiss the appeal.

Mr. Reupert was convicted of four molestation related counts in October 1996 and sentenced to consecutive prison terms of 30, 25, 25 and 20 years. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions in October 1997. Reupert v. State, 947 P.2d 198 (Okla. Ct. Crim. App. 1997). In March 1999, Mr. Reupert filed an application for post-conviction relief, alleging for the first time that he was mentally incompetent at the time of trial. The trial court denied post-conviction relief, and the OCCA affirmed in February 2000. In April 2001, Mr. Reupert filed a petition for habeas corpus relief, which was denied by the district court.

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on a procedural ground, petitioner must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If petitioner cannot make a threshold showing on the procedural

issue, we need not address the constitutional issues.  Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prescribes a one-year statute of limitations on petitions for habeas corpus relief, marked from the date a conviction becomes final.  28 U.S.C. § 2244(d)(1).  Mr. Reupert's conviction became final on January 19, 1998, when the 90-day period time limit to seek certiorari review in the United States Supreme Court expired. Rule 13.1, Rules of the Supreme Court.  He therefore had until January 19, 1999, to file a habeas petition within the time limits of 28 U.S.C. § 2244(d)(1).  Mr. Reupert's petition, filed in April 2001, was untimely.

The AEDPA one-year limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Mr. Reupert's state post-conviction actions cannot toll the limitation period here, however, because those actions came after the one-year period expired.  Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001), cert. denied, 122 S. Ct. 1789 (2002).

Mr. Reupert argues that the magistrate judge and the district court incorrectly focused on whether he was capable of pursuing his claims, rather than whether a constitutional violation has resulted in the conviction of one who is actually incompetent.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

We agree that equitable tolling may be appropriate where there is adequate proof of incompetence. Id. But as the district court and the magistrate judge observed, the state trial court's findings rejecting the competency claim in denying post-conviction relief may not be lightly disregarded. 28 U.S.C. § 2254(e)(1); Report and Recommendation (CIV 01-533-L) at 4, 8; Aplt. Br., Ex. A. at 2. See also Fisher, 262 F.3d at 1145.

Given that, the next question is whether Mr. Reupert was capable of pursuing a timely federal habeas claim. Miller, 141 F.3d at 978 (individual circumstances must be considered but an inmate is required to diligently pursue claims). Equitable tolling of a limitations period based on mental incapacity is warranted only in "exceptional circumstances" that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not "capable of pursuing his own claim" because of mental incapacity. Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996). The first two circumstances do not apply here, and the record indicates that Mr. Reupert was represented and pursuing legal remedies during the pertinent time period. Aplt. App. 14. Courts have been extremely reluctant to apply equitable tolling in such circumstances. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S. Ct. 145 (2001). See also Lopez v. Citibank, N.A., 808 F.2d 905, 906 (1st Cir. 1987) (assuming mental illness may toll in an

- 4 -

employment discrimination case, "it cannot do so where a plaintiff has presented no strong reason why, despite the assistance of counsel, he was unable to bring suit).

We DENY the motion for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge