**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN LOWELL ROLLINS,

       Plaintiff - Appellant,

v.

INGERSOLL-RAND COMPANY,

       Defendant - Appellee.

No. 06-1481

(D. Colorado)

(D.C. No. 06-CV-0336-REB-PAC)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

In compliance with an order from the Colorado Department of Revenue,

Ingersoll-Rand Company (IRC) garnished the wages of Steven Lowell Rollins,

one of its employees, for his failure to pay state income taxes. Mr. Rollins

subsequently filed this pro se action against IRC, asserting violations of his

constitutional rights and state tort law. The district court adopted the magistrate

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

judge's recommendation and dismissed the suit with prejudice for failure to state a claim. Finding Mr. Rollins's arguments on appeal frivolous, we deny his request to proceed *in forma pauperis* (IFP) and dismiss his appeal. We further warn Mr. Rollins that he will likely be subject to sanctions if he continues to abuse the judicial process, but deny IRC's request for attorneys fees and costs under Federal Rule of Appellate Procedure 38.

I.

In 2005, IRC employed Mr. Rollins in an unspecified capacity. On August 29, 2005, IRC received a lien and garnishment notice from the Colorado Department of Revenue, asserting that Mr. Rollins had been notified of and failed to pay $24,135.06 in state income taxes. This notice further directed IRC to withhold and forward to the Department of Revenue fifty percent of Mr. Rollins's wages until the delinquent balance was paid in full. IRC complied with the order, garnishing a total of $6,000 from Mr. Rollins's wages.

On February 27, 2006, Mr. Rollins filed this pro se action against IRC in the United States District Court for the District of Colorado. His complaint asserted, *inter alia*, that the garnishment order was unlawful because Colorado state income tax liability is based on federal income tax liability and he is exempt from federal taxing authority as a "Sovereign American." Rec., doc. 1, at 5. As a result, he averred, IRC violated his rights under the Fourth and Fifth Amendments and converted his property in contravention of state tort law when it complied

-2-

with the garnishment order. IRC filed a motion to dismiss Mr. Rollins's suit with prejudice for failure to state a claim.

The district court referred the matter to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that IRC's motion be granted because (1) Mr. Rollins's challenge to his tax liability should have been brought against the Colorado Department of Revenue rather than IRC, (2) Mr. Rollins failed to state cognizable constitutional or state law claims, and (3) he failed to exhaust his administrative remedies via the appeals process provided by the state for disputing tax assessments, see, e.g., Colo. Rev. Stat. § 39-21-1-3(2). After de novo review, the district court adopted the magistrate judge's recommendation and, accordingly, dismissed Mr. Rollins's suit with prejudice. Mr. Rollins appeals.

II.

We review pro se pleadings and papers liberally and hold them to a less exacting standard than those drafted by attorneys. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Doing so here, we read Mr. Rollins's brief to present three separate (but equally frivolous) claims.

First, Mr. Rollins contends the district court lacked personal jurisdiction over him based on his self-proclaimed status as "an American free born national, a Sovereign Citizen of the Republic of Colorado, [and] . . . a non-14th Amendment U.S. subject citizen." Aplt's Br. at 5. Suffice it to say, Mr. Rollins

fails to grasp that a plaintiff's filing suit constitutes consent to a district court's exercise of jurisdiction over him or her. See Moore v. Rohm & Haas Co., 446 F.3d 643, 646 (6th Cir. 2006) ("Courts have consistently held that a court always has personal jurisdiction over a named plaintiff because that party, by choosing the forum, has consented to the personal jurisdiction of that court."); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202 (10th Cir. 1986) ("[J]urisdiction over a party may be conferred upon a court . . . by voluntary appearance of a party."). This case is no exception: Mr. Rollins consented to the district court's personal jurisdiction over him when he filed suit against IRC.

Second, Mr. Rollins daftly argues the district court lacked subject matter jurisdiction because it is not an Article III court. There is no colorable support for this contention. The United States District Court for the District of Colorado is, of course, a properly constituted district court under Article III and federal statutes. See U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."); 28 U.S.C. § 132(a) ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district."); 28 U.S.C. § 85 ("Colorado constitutes one judicial district.").

Third, Mr. Rollins appears to challenge the district court's decision to refer his case to the magistrate judge without his consent and the magistrate judge's

-4-

authority to issue a report and recommendation. These arguments are also meritless. The district court did not need the green light from Mr. Rollins to refer his suit to the magistrate judge for a report and recommendation. Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000) ("28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties."). Nor can the magistrate judge's authority to submit a report and recommendation on IRC's motion to dismiss be questioned. Bailey v. U.S. Dep't of Agric., 59 F.3d 141, 142 (10th Cir. 1995) ("It is clear that the magistrate judge had authority under 28 U.S.C. § 636(b)(1)(B) . . . to submit proposed findings of fact and a recommendation regarding the various motions at issue in this case.").

Mr. Rollins does not reallege any of his claims against IRC on appeal. Nor does he contest the reasons for dismissal. Therefore, these claims have been abandoned and need not be addressed. See United States v. Seminole Nation of Okla., 321 F.3d 939, 946 n.5 (10th Cir. 2002) (refusing to address a matter that a party had abandoned on appeal). We note, however, that a review of Mr. Rollins's complaint, the magistrate judge's report and recommendation, and the pertinent materials in the record, establishes that the district court properly dismissed Mr. Rollins's suit with prejudice. Moreover, Mr. Rollins's claim that he is exempt from the Colorado state income tax as a "Sovereign American" is clearly frivolous. Indeed, the frivolousness of this asseveration is now, with apologies to Benjamin Franklin, as certain as the taxes Mr. Rollins protests. See

United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting as frivolous and "shop worn" the argument that an individual is a sovereign citizen of a state who is not subject to federal taxing authority); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting as frivolous arguments concerning the government's authority to impose income tax and listing repeatedly rejected arguments).

## III.

In its brief, IRC tersely asks this court to award it attorneys fees and costs under Rule 38 of the Federal Rules of Appellate Procedure. We cannot do so here because IRC failed to file a separate motion or notice. Fed. R. App. P. 38, advisory committee's note (1994 Amendment) ("[Rule 38] requires that before a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. . . . A separately filed motion requesting sanctions constitutes notice. A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice."). Nevertheless, we specifically warn Mr. Rollins that any further frivolous filings will result in sanctions by the court.

## IV.

For the foregoing reasons, we DENY Mr. Rollins's request to proceed IFP,

DISMISS his appeal, and DENY IRC's request for Rule 38 sanctions.


Entered for the Court,


Robert H. Henry
Circuit Judge