**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NORMAN E. WIEGAND,

   Petitioner-Appellant,

v.

ARISTEDES ZAVARES, Executive
Director; ATTORNEY GENERAL OF
THE STATE OF COLORADO,

   Respondents-Appellees.

No. 08-1353

District of Colorado

(D.C. No. 1:08-CV-00862-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

  Norman Wiegand, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Wiegand has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2). We also deny his request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.

---

  [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

**Background**

In March 1988, Mr. Wiegand pled guilty to one count of second degree murder and was sentenced to forty-six years of imprisonment. He did not file a direct appeal, but filed applications for post-conviction relief with the state district court in 2005 and again in 2006. Mr. Wiegand's 2005 post-conviction motion sought to correct an illegally aggravated sentence. The motion was denied and Mr. Wiegand did not file an appeal. Mr. Wiegand's 2006 post-conviction motion sought to vacate his guilty plea and conviction. The state district court denied Mr. Wiegand's motion as untimely and found no justifiable excuse for Mr. Wiegand's tardiness in seeking post-conviction relief. The Colorado Court of Appeals affirmed and the Colorado State Supreme Court denied certiorari review on February 25, 2008.

In April 2008, Mr. Wiegand filed a habeas petition in federal district court. The district court dismissed his petition as untimely under the one-year statute of limitations for federal habeas petitions and denied his request for a COA, which expired on April 24, 1997. The district court also denied Mr. Wiegand's IFP motion. Mr. Wiegand now seeks a COA on the denial of his habeas petition and leave to proceed in forma pauperis.

**Discussion**

A COA is a necessary prerequisite to appeal the denial of a motion for relief under 28 U.S.C. § 2254, and is available "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, where the district court dismissed a habeas petition on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Mr. Wiegand is proceeding pro se, we construe his submissions liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Mr. Wiegand argues that the statute of limitations was equitably tolled because he was mentally incompetent to file a habeas petition before August 10, 2005. Mr. Wiegand states that he was under the influence of psychoactive and tranquilizing medications from the days preceding his plea up to August 10, 2005, the date he ceased taking his medication. Mr. Wiegand states that the medications "clouded his memory, destroyed his ability to concentrate, made him sleepy and limited his ability to stay focused."

Allegations of mental incompetence alone, however, are generally insufficient to warrant equitable tolling. *See Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002). "Equitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own

claim' because of mental incapacity." *Id.* (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)). As the district court noted, Mr. Wiegand was never adjudicated incompetent or institutionalized for mental incapacity. Instead, he relies only on the fact that he was taking antidepressant medication to establish mental incompetence. That is not sufficient to demonstrate incompetence.

Moreover, a review of Mr. Wiegand's medical records reveals that he was "alert, [and] cooperative" and had no evidence of psychosis in his 1996 and 1997 visits. Mr. Wiegand's medical records also reveal that while he was taking seven antidepressant and anti-psychotic medications from 1987-1988, he only took one antidepressant (Elavil) from 1988 until August 10, 2005. The evidence also shows that Mr. Wiegand was capable of pursuing his own claims, as he corresponded with the Colorado district court in 1988, 1990, and 1996 to request records in support of a motion to withdraw his allegedly involuntary guilty plea.

Finally, Mr. Wiegand claims that he did not know he could appeal his guilty plea. This claim does not qualify as an exceptional circumstance because "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

We therefore find that Mr. Wiegand has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No reasonable jurist would disagree with the district court's conclusion that the statute of limitations for bringing a habeas action had expired and was not equitably tolled.

## Conclusion

Accordingly, we **DENY** Mr. Wiegand's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed in forma pauperis is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge