NOT DESIGNATED FOR PUBLICATION

No. 117,375

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AARON WILDY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed October 27, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Adam Sokoloff*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.


PER CURIAM:  Aaron Wildy appeals from the district court's denial of his K.S.A. 60-1507 motion. After a full evidentiary hearing, the district court denied the motion as Wildy filed it out of time. In the alternative, the district court also found that the motion should be denied on the merits. On appeal, Wildy contends that manifest injustice exists to justify the untimely filing of his motion. He also contends that his trial counsel was ineffective. Based on our review of the record, we do not find that Wildy has shown manifest injustice nor has he shown that he was provided with ineffective assistance of counsel. Thus, we affirm the district court's decision.

1

FACTS

On October 18, 2002, the State charged Wildy with five criminal counts—aggravated burglary of a residence, in violation of K.S.A. 21-3716, a severity level 5 person felony; two counts of aggravated robbery, in violation of K.S.A. 21-3427, a severity level 3 person felony; and two counts of kidnapping, in violation of K.S.A. 21-3420, a severity level 3 person felony. On October 23, 2002, the district court appointed Michael Moroney to serve as Wildy's trial counsel. Subsequently, the State added a sixth charge of theft, in violation of K.S.A. 21-3701, a severity level 9 nonperson felony.

On April 14, 2003, Wildy signed a petition to enter a plea of guilty to all of the charges filed against him by the State. In the petition, Wildy stated that his mind was clear. He also stated that he had never been confined in any institution for the treatment of mental illness nor had he been adjudicated mentally incompetent. The petition set forth the maximum penalty for the charges pending against Wildy in this case and in a separate case. In addition, Wildy's attorney signed a document noting that he "made no predictions or promises to the defendant concerning any sentence the court may award . . . ."

On the same day, the district court held a plea hearing. During the hearing, the district court held a colloquy with Wildy. The district court began by advising Wildy to ask questions along the way if he did not understand something said during the hearing. Wildy told the district court that he is able to read and write English. He also represented to the district court that he understood the document he had signed as well as the plea. Wildy further told the district court that he was not on drugs, not under a doctor's care, his mind was clear, and understood what was happening at the hearing. The court asked Wildy if he was sure his mind was clear and that he was able to make decisions regarding his best interest. In response, Wildy told the district court that he was sure. The district court then asked if Wildy had held anything back from his attorney, and Wildy indicated there was nothing he held back.

Next, the district court reviewed with Wildy the rights he was giving up by entering a plea. In response, Wildy indicated that he understood those rights. The district court also advised Wildy of the maximum penalties for the charges he faced. Wildy again indicated he understood. The district court then repeatedly asked Wildy if he was sure he wanted to go through with the plea. Wildy indicated he did and stated that the entry of the plea was voluntary and based on his free will. Ultimately, the district court accepted Wildy's plea and found him to be guilty on all of the charges filed against him by the State.

The district court held a sentencing hearing on June 6, 2003. At the hearing, Wildy received a controlling sentence of 289 months of prison time, with 36 months of postrelease supervision. Furthermore, the district court ordered this sentence to run consecutive to sentences imposed in two separate criminal cases in 1996 and 1997. Wildy never filed a direct appeal.

On February 14, 2014, more than 10 years after he received his sentence, Wildy filed a pro se K.S.A. 60-1507 motion. In the motion, Wildy claimed that he never filed a direct appeal due to mental incompetence. Wildy further claimed that his trial counsel was ineffective because he failed to investigate or raise his incompetence as a defense. In support of his claims, Wildy included an excerpt from the journal entry of sentencing in a prior case in which he had received a downward departure based on lack of mental culpability.

On December 11, 2015, the district court appointed an attorney to represent Wildy on his K.S.A. 60-1507 motion. His attorney filed a memorandum in support of Wildy's motion on April 8, 2016. The State subsequently filed a motion to dismiss the K.S.A. 60-1507 motion on the ground that it was untimely. Wildy responded to the motion to dismiss by arguing that, based in part on his mental impairment, it would be a manifest injustice for the district court to not hear his motion.

3

On October 20, 2016, the district court held an evidentiary hearing on Wildy's motion. At the hearing, Wildy testified about his trial counsel and his mental health issues. Specifically, Wildy admitted that he was guilty of the crimes. However, he claimed that his trial counsel had told him he would only receive a 10-year sentence if he pled guilty. No other evidence was presented. At the end of the hearing, the district court took the motion under advisement.

On October 26, 2016, the district court entered an order denying Wildy's K.S.A. 60-1507 motion. In its written decision, the district court first addressed the issue of untimeliness. Based on hearing Wildy's testimony at the evidentiary hearing, the district court determined that he failed "to establish manifest injustice that would excuse his late filing of this habeas corpus motion." Thus, the district court concluded that Wildy's motion "is untimely and could be dismissed solely for that reason."

Nevertheless, the district court went on and considered the K.S.A. 60-1507 motion on the merits. In doing so, the district court noted that trial counsel had died several years ago. As such, the district court turned to the court record for the history of the underlying criminal case. After doing so, the district court found that "[i]t is exceedingly clear that [Wildy] was properly advised of the maximum sentences for the crimes involved in his plea." The district court also found that there was nothing in the motion, supporting memorandum, or in Wildy's testimony to establish that his trial counsel was ever informed of his mental health history. Finally, applying the factors set for in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Edgar v. State*, 294 Kan. 828, 283 P.3d 152 (2012), the district court concluded that Wildy "failed to establish the prejudice prong" and that he had failed to establish that he was mentally incompetent. Thus, the court denied Wildy's motion based on him filing it out of time and on the merits.

On November 18, 2016, Wildy timely filed this appeal.

4

On appeal, Wildy raises two issues. First, he contends that the district court erred by determining that his K.S.A. 60-1507 motion was barred because it was untimely filed. While Wildy concedes that his petition was untimely, he argues that his failure to file sooner was based on his alleged mental impairment. Second, Wildy contends that the district court erred in concluding that he had failed to establish that his trial counsel was ineffective. In support of this contention, he argues that his trial counsel induced him to enter a plea of guilty by promising him he would receive only a 10-year prison sentence.

A district court has three options when handling a K.S.A. 2016 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881.

Here, the district court held a full evidentiary hearing and issued a comprehensive written decision. We review the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support its conclusions of law. In turn, we review the district court's ultimate conclusions of law de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). Furthermore, to the extent

that this case involves interpretation of a statute, we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*Timeliness of the K.S.A. 60-1507 Motion*

It is undisputed that Wildy failed to file his K.S.A. 60-1507 motion within one-year from when his conviction became final. See K.S.A. 2016 Supp. 60-1507(f)(1). However, a district court may extend the one-year time limitation to prevent a manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). As the movant, it is Wildy's burden to establish manifest injustice by a preponderance of the evidence. See Supreme Court Rule 183(g) (2017 Kan. Ct. R. Annot. 222).

In 2016, the Kansas Legislature amended K.S.A. 60-1507 to limit the inquiry into manifest injustice to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Multiple panels of this court have determined that this amendment was procedural in nature and, as such, is to be applied retroactively. See *Gant v. State*, No. 116,115, 2017 WL 3669078, at *2 (Kan. App. 2017) (unpublished opinion); *Garcia-Gomez v. State*, No. 116,018, 2017 WL 3447781, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* September 8, 2017; *Rojas-Marceleno v. State*, No. 115,140, 2017 WL 1196731, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 1, 2017; *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *rev. granted* __ Kan. __ (October 12, 2017); *Perry v. State*, No. 115,073, 2017 WL 462659, at *2-3 (Kan. App. 2017) (unpublished opinion), *rev. granted* __ Kan. __ (October 12, 2017). We find the analysis of these panels persuasive.

In this case, Wildy admitted at the evidentiary hearing on his motion that he was guilty of the crimes charged and made no colorable argument of actual innocence. Accordingly, Wildy must show that the failure to consider his motion would be "obviously unfair" or "shocking to the conscience." *Vontress*, 299 Kan. at 614. We note that a panel of this court cited an approach in federal appellate courts, whereby a defendant's mental incapacity tolls the deadline for filing a habeas corpus action only in "rare and exceptional circumstances." *Wilson v. State*, No. 106,815, 2012 WL 5519182, at *5-6 (Kan. App. 2012) (unpublished opinion). In federal court, a defendant may file a habeas corpus action outside of the time limit for mental incompetence only when he or she has been adjudicated incompetent, was institutionalized for mental incapacity, or has produced evidence that he is incapable of pursing his own claim due to mental incapacity. *Wiegand v. Zavares*, 320 Fed. Appx. 837, 839 (10th Cir. 2009) (unpublished opinion) (citing *Reupert v. Workman*, 45 Fed. Appx. 852, 854 [10th Cir. 2002]).

Based on our review of the record, we find that Wildy has failed to meet his burden to establish manifest injustice. We find nothing in the record on appeal that establishes that Wildy was ever adjudicated to be mentally incompetent or that he has been institutionalized for mental incapacity. Although Wildy refers to a psychological examination in his brief, we do not find the report to be in the record. Rather, the only indication of Wildy's mental status—beyond his bare assertions—is an excerpt from the sentencing journal entry in an unrelated 1996 criminal case. In that case, the Lyon County district court granted a downward durational departure because Wildy evidently "lacked substantial capacity for judgment when the offense was committed."

We do not find the 1996 sentencing journal entry to be sufficient to show that Wildy was mentally incompetent at the time he entered his plea in this case in 2003. Likewise, we do not find it to be sufficient to establish that Wildy was incapable of pursing his K.S.A. 60-1507 petition due to mental incapacity for the next 10 years. Hence, we agree with the district court that Wildy has failed to establish manifest

7

injustice. Thus, we conclude that Wildy's K.S.A. 60-1507 motion was time barred and that he has failed to show manifest injustice.

*Claim of Ineffective Assistance of Counsel*

The district court concluded that even if Wildy had timely filed his K.S.A. 60-1507 motion or had shown manifest injustice, his claim of ineffective assistance of counsel would have failed on the merits. Although Wildy alleged that his attorney misled him regarding the sentence he could receive and failed to investigate a possible defense of diminished capacity, Wildy was unable to prove these allegations at the evidentiary hearing. As indicated above, when a district court conducts a full evidentiary hearing, as the district court did in this case, our review is limited to whether the factual findings are supported by substantial competent evidence and whether such findings support the legal conclusions reached by the district court. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. at 882 (relying on *Strickland*, 466 U.S. at 687). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been

8

different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). Here, based on our review of the record, we find that substantial competent evidence supported the factual findings made by the district court. In addition, we find that the evidence presented at the hearing held by the district court did not establish that trial counsel's performance was deficient or that Wildy's rights were prejudiced by the alleged deficiencies.

The district court heard and rejected Wildy's testimony regarding the allegation that his trial counsel had told him that he would only receive a 10-year sentence if he entered a plea. Because it is not our role on appeal to determine the credibility of witnesses or to weigh the evidence presented, we will not replace our judgment on this issue for that of the district court. Moreover, we note that the document memorializing the plea signed by Wildy set forth the possible sentence for each charge and indicated that he could receive a maximum of 247 months. Furthermore, the record reflects that at his sentencing hearing, the district court told Wildy that he could receive up to 247 months in prison and that he indicated he understood.

Despite Wildy's claim that he has a "lengthy and well documented history of mental and emotional impairment," he offers no evidence beyond an excerpt from a sentencing journal entry in a prior case to support this allegation. Even if he had mental health issues in the past, Wildy has not shown that he was mentally incompetent when he committed the crimes in this case nor at the time he entered his plea in 2003. Likewise, he has not shown how any action or inaction by his trial counsel prejudiced him. Therefore, Wildy's K.S.A. 60-1507 motion fails on the merits as well.

Affirmed.

9