**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTURO ALVARADO,

     Petitioner - Appellant,

v.

KEN SMITH,

     Respondent - Appellee.

No. 17-2145
(D.C. No. 1:17-CV-00266-RJ-GJF)
(D.N.M)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

     Arturo Alvarado, a New Mexico state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

habeas application under 28 U.S.C. § 2254.  The district court dismissed Mr. Alvarado's

application as untimely.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA

and dismiss the matter.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Alvarado is proceeding pro se, we construe his filings
liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also United States v.
Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at which
we begin to serve as his advocate.").

## I. BACKGROUND

On June 30, 2006, a grand jury indicted Mr. Alvarado on eight counts, including felony murder and criminal sexual penetration. The New Mexico state trial court determined that he was competent to stand trial. On April 21, 2009, Mr. Alvarado pled guilty to first degree murder and criminal sexual penetration. He was sentenced to life in prison plus 18 years. He did not file a direct appeal. On August 31, 2016, the state court received his petition for post-conviction relief. The court dismissed his petition on September 29, 2016. On October 24, 2016, he filed a petition for a writ of certiorari in the New Mexico Supreme Court. That appeal is still pending.

On February 27, 2017, Mr. Alvarado filed his first application for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. He then amended his application on April 10, 2017. He argued that (1) he was incompetent to plead guilty due to mental incapacity, and (2) he had been denied effective assistance of counsel because his lawyer failed to present evidence of his incapacity.

On July 31, 2017, the district court dismissed Mr. Alvarado's habeas application as untimely under § 2244(d)(1)(A) because he had filed it more than six years after his state conviction became final. Though Mr. Alvarado claimed he was not time-barred because of his mental incompetence, the court ruled that he had failed to present sufficient evidence to warrant equitable tolling. It also denied Mr. Alvarado's request for a lawyer as moot and denied his request for a COA. Mr. Alvarado filed a timely notice of appeal on August 29, 2017. *See* Fed. R. App. P. 4(a)(1)(A).

2

## II. DISCUSSION

### A. *Legal Background*

#### 1. Certificate of Appealability

A prisoner cannot appeal from a denial of a habeas application without first obtaining a COA. 28 U.S.C. § 2253(c)(1). A COA is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, the district court denied a habeas application on procedural grounds, a COA may issue only if the applicant demonstrates (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485. The second component—the procedural issue—is frequently the easier one to resolve. *Id*.

#### 2. Statute of Limitations and Equitable Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on filing a § 2254 application. 28 U.S.C. § 2244(d)(1). This limitations period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

"[R]are and exceptional circumstances" permit the equitable tolling of AEDPA's one-year statute of limitations. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted). To qualify for equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (brackets and quotations omitted).

"Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (citing *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)); *see also O'Bryant v. Oklahoma,* 568 F. App'x 632, 636 (10th Cir. 2014) (unpublished) (explaining that federal courts will apply equitable tolling only in cases of "profound mental incapacity" such as when a prisoner was institutionalized or adjudicated mentally incompetent).[2] "Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling." *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished).

---

[2] Although not precedential, we find the reasoning of these unpublished opinions instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

4

B. *Analysis*

Reasonable jurists could not debate that the district court was correct in ruling that Mr. Alvarado's § 2254 application was untimely. We agree that Mr. Alvarado's application is time-barred and equitable tolling is not warranted.

## 1. **Timeliness of Habeas Petition**

The district court denied Mr. Alvarado's habeas petition as untimely and therefore did not reach the merits of his claims.

Mr. Alvarado's convictions became final on May 22, 2009—30 days after the district court entered its judgment on April 22, 2009. *See* NMRA, Rule 12-201(A)(2). Accordingly, under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year statute of limitations period began on Friday, May 22, 2009 and ended on Saturday, May 22, 2010. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Mr. Alvarado had until Monday, May 24, 2010 to file his application. *See id.*; Fed. R. Civ. P. 6(a). He filed his first habeas application on February 27, 2017 and his amended application on April 10, 2017, both about seven years after the statute of limitations expired. Thus—absent tolling or another exception to AEDPA's time limit—we agree with the district court that his petition was untimely.

## 2. **Equitable Tolling**

Reasonable jurists could not debate that the district court was correct in determining that Mr. Alvarado failed to show extraordinary circumstances and due diligence.

5

Construing Mr. Alvarado's appeal liberally, we understand him to argue that his mental incapacity prevented him from filing a timely appeal. He posits that his condition—stemming from a self-inflicted gunshot wound to the head that caused permanent brain damage—prevented him from understanding appeal procedures. Aplt. Br. at 2, 4. He claims to suffer from seizures, major depression, dementia, memory loss, auditory hallucinations, psychosis, bipolar disorder, paranoid schizophrenia, and mood swings. He also claims that he receives supplemental security income for a mental disability. *Id*. at 2. Finally, he states that he is currently being treated at the prison's mental health facility. *Id.*

Mr. Alvarado's evidence does not demonstrate extraordinary circumstances. He needs to show that he had been institutionalized for mental incapacity, judged incompetent, or not capable of pursuing his own claim during the period in which he needed to file his application—that is May 22, 2009 to May 24, 2010. *See Wiegand*, 320 F. App'x at 839. First, he has not been judged incompetent. Second, he was not institutionalized during the relevant time. Although he states that he is currently in a mental health facility, he makes no claim of institutionalization during the time from May 22, 2009 to May 24, 2010. Third, he does not provide evidence that he was incapable of pursuing his own claim because of mental incapacity. He claims to suffer from specific mental conditions such as psychosis and dementia, but he provides no evidence in support. In listing his conditions, he does no more than allege mental incompetence, which is "generally insufficient to warrant equitable tolling." *See id.* (determining that the fact that a prisoner took antidepressant medications was insufficient to warrant

6

equitable tolling based on incompetency).  These same points apply to the period from the time he was charged to his guilty plea.

Finally, the "state trial court's findings rejecting the competency claim in denying post-conviction relief may not be lightly disregarded." *Reupert*, 45 F. App'x at 854.  The federal district court correctly noted that it must afford deference to the state trial court's dismissal of Mr. Alvarado's habeas application based on the lack of record evidence supporting his claim of mental incompetence.

Thus, for the foregoing reasons, we conclude that reasonable jurists would not debate the district court's decision that equitable tolling is not warranted. *See Slack*, 529 U.S. at 484.[3]

---

[3] Nor can Mr. Alvarado avoid AEDPA's one-year statute of limitations based on statutory tolling.  Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  In other words, a habeas applicant is entitled to statutory tolling of the deadline while pursuing state post-conviction relief. But Mr. Alvarado did not seek post-conviction relief in state court until August 31, 2016—six years after AEDPA's deadline expired on May 24, 2010 —and thus statutory tolling does not save his application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Collins v. Bear*, No. 16-6339, 2017 WL 2683990, at *3 (10th Cir. 2017) (unpublished).

## III. CONCLUSION

Mr. Alvarado filed his § 2254 application outside of the statute of limitations period. There are no grounds for equitably tolling the statute. We deny Mr. Alvarado's request for a COA and dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge