FILED
United States Court of Appeals
Tenth Circuit

September 13, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN S. MYZER,

       Plaintiff - Appellant,

v.

GEORGE W. BUSH, et al.,

       Defendants - Appellees.

No. 18-3067
(D.C. No. 2:03-CV-02504-KHV-JPO)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Pro se litigant John Myzer appeals from the district court's denial of his motion for reconsideration of an order that the district court issued in 2004. The district court denied the motion because it was not made within a reasonable time as required by Federal Rule of Civil Procedure ("Rule") 60(c) and, alternatively, because it lacked merit. Exercising

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously to honor Plaintiff-Appellant John Myzer's request for a decision on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's denial of Mr. Myzer's motion for reconsideration.

## I

In 2003, Mr. Myzer sued President George W. Bush and numerous other individuals, alleging that the defendants participated in a conspiracy to conceal his true identity in order to prevent him from receiving his inheritance. He claimed that, as part of the conspiracy, his biological parents were murdered shortly after his birth and that he was raised by various people who pretended to be his parents. Mr. Myzer moved to amend his complaint over thirty times to join additional defendants, including "the United States government, each of the fifty states of the union, the government of the United Kingdom, every school plaintiff ever attended, every health and/or medical provider who has ever treated plaintiff, and the entire food and beverage industry." R. at 26 (R. & R., dated Aug. 17, 2004). Significantly, he listed numerous other parties, but failed to name them, list their residences, or allege any basis for jurisdiction over them. Mr. Myzer never properly served any of the defendants. In October 2004, the district court dismissed Mr. Myzer's complaint for not stating a valid claim for relief and not setting forth the basis for subject-matter jurisdiction. *Id.* at 38 (Order, dated Oct. 25, 2004) (hereinafter "2004 Order").

Fourteen years after the district court issued the 2004 Order, Mr. Myzer filed a motion for reconsideration under Rules 60(b)(4) and 60(b)(6). He argued that the 2004 Order was void pursuant to Rule 60(b)(4), for two reasons: (1) the district court lacked

2

personal jurisdiction because none of the defendants were ever served; and (2) the district court deprived him of due process both by failing to order a marshal to serve process on the defendants and by dismissing the case with prejudice without holding a full hearing on the merits. Mr. Myzer also argued that the 2004 Order was invalid pursuant to Rule 60(b)(6) because he "lacked the capacity to defend or understand his rights" during the case. R. at 46 (Mem. in Supp. of Mot., dated Feb. 5, 2018). He justified the fourteen-year delay in filing the motion for reconsideration by claiming that he was mentally incapacitated during that time as a result of the defendants' illegal actions. *Id.*

In denying Mr. Myzer's motion for reconsideration, the district court generally held that the motion was not made within a reasonable time as required by Rule 60(c), concluding that Mr. Myzer's general reference to being incapacitated between the time of the 2004 Order and his motion was not a sufficient justification for the delay. Alternatively, the district court held that the motion was without merit. More specifically, Mr. Myzer's Rule 60(b)(4) arguments failed, the district court held, because he had consented to personal jurisdiction and, given that Mr. Myzer did not file suit *in forma pauperis*, the district court in 2004 was not obliged to order a marshal to serve process. His Rule 60(b)(6) arguments failed, the district court added, because Mr. Myzer's general claim of incapacity was insufficient to justify relief.

On appeal, Mr. Myzer raises the same arguments that he presented to the district court, as well as an assertion that the district court erred in basing its 2004 Order in part on a lack of subject-matter jurisdiction.[1]

## II

## A

In general, "[a] district court . . . has substantial discretion to grant relief as justice requires under Rule 60(b)," *Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); we reverse the district court's ruling on a Rule 60(b) motion only when there has been a "manifest abuse of discretion," *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1068 (10th Cir. 1980). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Fed. Deposit Ins. Corp.*, 152 F.3d at 1272 (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 727 (10th Cir. 1993)).

---

[1] We assume without deciding that Mr. Myzer has not forfeited his subject-matter-jurisdiction argument by failing to present it before the district court. *Cf. In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[O]bjections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable . . . . Valdez waived his insufficient service of process argument under Rule 60(b)(4) by failing to include it in his Rule 60(b) motion to the bankruptcy court [sitting as the trial court]."). *Compare, e.g.*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."), *with United States v. Williams*, 893 F.3d 696, 701 (10th Cir. 2018) ("By failing to raise the issue in district court, Mr. Williams forfeited his present argument."), *and Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (Gorsuch, J.) ("[I]f the theory simply wasn't raised before the district court, we usually hold it forfeited."). For reasons noted *infra*, this argument does not withstand scrutiny in any event.

Where a party moves for relief on the ground that a judgment is void under Rule 60(b)(4), however, this court must apply the de novo standard of review; where Rule 60(b)(4) is properly invoked, "relief is not a discretionary matter" but instead is "mandatory." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (quoting *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008)).

According to Rule 60(c)(1), both Rule 60(b)(4) and Rule 60(b)(6) motions "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1). However, this Court has ruled that Rule 60(b)(4) motions are effectively subject to no time limit. Or, put another way, any time period preceding the filing of a Rule 60(b)(4) motion is reasonable as a matter of law because such a motion claims that the underlying judgment is void *ab initio*. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.9 (10th Cir. 1979) ("[I]f a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time."). Nevertheless, a motion under Rule 60(b)(4) "is not a substitute for a timely appeal," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010), and "the concept of setting aside a judgment on voidness grounds is narrowly restricted" in the "interest of finality," *V.T.A., Inc.*, 597 F.2d at 225.

"Where a party delays in filing" a Rule 60(b)(6) motion, "it must offer sufficient justification for the delay." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004), *abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006).

**B**

The district court did not abuse its discretion in finding that Mr. Myzer's motion for reconsideration, insofar as it invoked Rule 60(b)(6), was not made within a reasonable time, given that it was filed fourteen years after the 2004 Order. Although there is little guidance on what specifically is a reasonable time to file a Rule 60(b)(6) motion, panels of our court have regularly found that district courts did not abuse their discretion when denying such motions on timeliness grounds when the delays were shorter than Mr. Myzer's delay. *See United States v. Bell*, 526 F. App'x 880, 881–82 (10th Cir. 2013) (unpublished) (Gorsuch, J.) (thirteen-year delay); *United States v. Eaton*, 506 F. App'x 837, 839 (10th Cir. 2013) (unpublished) (nearly twelve-year delay); *United States v. Stover*, 532 F. App'x 807, 807 n.1 (10th Cir. 2013) (unpublished) (nearly eleven-year delay); *Thompson v. Workman*, 372 F. App'x 858, 861 (10th Cir. 2010) (unpublished) (eight-year delay); *West v. Champion*, 363 F. App'x 660, 664–65 (10th Cir. 2010) (unpublished) (eight-year delay).[2]

Furthermore, Mr. Myzer provides no "sufficient justification for the delay." *Cummings*, 365 F.3d at 955. His stated justification is an allegation of mental incapacitation, as a result of the defendants' actions, from November 2004 to December 2017. Aplt.'s Br. at 17–18; R. at 46 ("The Plaintiff has remained in a disabling state of

---

[2] Though non-precedential, we find the unpublished authorities cited herein apposite and persuasive. *See, e.g.*, *United States v. Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015); *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

ignorance and incapacity in the intervening years because he resumed belief in a false identity: an identity well-corroborated by the deliberate and wrongful acts of the Defendants . . . .").  However, we have indicated that mental incapacity will equitably toll limitations periods only when there are "exceptional circumstances." *Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1268 (10th Cir. 1996); *accord Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (unpublished); *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished).  And the mere allegation of mental incapacity does not show that exceptional circumstances are present.  *See Biester*, 77 F.3d at 1268; *accord Alvarado*, 713 F. App'x at 743; *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (unpublished); *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001) (unpublished).  Mr. Myzer presents a generalized contention that he was incapacitated but points to no evidence to validate his ostensible incapacity.  Nor does he offer details regarding how the defendants' actions allegedly caused his mental incapacity, except to say equivocally that it "*may have been* the product of involuntarily administered psychotropic drugs or other illegal means."  Aplt.'s Br. at 2 (emphasis added).  Under these circumstances, we cannot conclude that the district court abused its discretion in holding that Mr. Myzer's general allegation of mental incapacity was not the sort of "exceptional circumstance[]," *Biester*, 77 F.3d at 1268, needed to excuse the fourteen-year delay between the 2004 Order and the motion for reconsideration.

## C

The district court also did not err in denying Mr. Myzer's motion for

7

reconsideration to the extent that it invoked Rule 60(b)(4). Mr. Myzer appears to contend that the 2004 Order is void because the district court lacked personal jurisdiction over him and because he did not receive the due process to which he was entitled. We disagree with each of these contentions and address them in turn. We also consider whether Mr. Myzer's newly presented subject-matter jurisdiction argument can properly be considered under Rule 60(b)(4).[3] We conclude that it cannot.

Though a district court's determination is certainly void where the court lacks personal jurisdiction, *see United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004), Mr. Myzer expressly consented to the district court's exercise of personal jurisdiction over him by filing suit in that court, *see Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (stating that "jurisdiction over a party may be conferred upon a court . . . by voluntary appearance of a party"); *accord Rollins v. Ingersoll-Rand Co.*, 240 F. App'x 800, 802 (10th Cir. 2007) (unpublished) ("[A] plaintiff's filing suit constitutes consent to a district court's exercise of jurisdiction over him or her."). Accordingly, Mr. Myzer's argument on this score is without merit.

Mr. Myzer's due-process arguments also fall short. He alleges that the district court should have ordered a U.S. marshal or appointed another government official to

---

[3] It is unclear exactly what subprovision of Rule 60(b) this argument is intended to invoke. However, as we observed previously, it is too late for Mr. Myzer to proceed under Rule 60(b)(6), or indeed any other subprovision of Rule 60(b), *see* FED. R. CIV. P. 60(c)(1), absent exceptional circumstances that Mr. Myzer neither adequately alleges nor supports.

serve process on the defendants. But a district court is only required to appoint an official to serve process in circumstances where the plaintiff is authorized to proceed *in forma pauperis*. *See* FED. R. CIV. P. 4(c)(3). And, since Mr. Myzer did not file suit *in forma pauperis*, the district court was not obliged to make such an appointment here. Mr. Myzer also claims that the court denied him due process by dismissing the case with prejudice under Rule 12(b)(6) without a full hearing on the merits. But a dismissal under Rule 12(b)(6) is considered an adjudication on the merits, *see* FED. R. CIV. P. 41(b), and Mr. Myzer presents no authority indicating that a full hearing was required prior to the dismissal.

Finally, Mr. Myzer's newly presented subject-matter jurisdiction argument fails to the extent that it might be intended to invoke Rule 60(b)(4). According to Mr. Myzer, in its 2004 Order, the district court erroneously ruled that it lacked subject-matter jurisdiction. However, a judgment is not void within the meaning of Rule 60(b)(4) merely because it is or may be erroneous; rather, it must be determined that the rendering court was "powerless" to enter judgment. *V.T.A., Inc.*, 597 F.2d at 224. More specifically, a judgment is void under Rule 60(b)(4) "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.3d 834, 842 (10th Cir. 1974)); *see also Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) (a "mere error" in the exercise of jurisdiction does not warrant relief under Rule 60(b)(4)).

9

Mr. Myzer contends that the district court failed to exercise subject-matter jurisdiction that it possessed, not that it exercised subject-matter jurisdiction that it lacked. His subject-matter jurisdiction argument therefore does not properly invoke Rule 60(b)(4).

## III

For the foregoing reasons, we affirm the district court's denial of Mr. Myzer's motion for reconsideration.

ENTERED FOR THE COURT


Jerome A. Holmes

Circuit Judge