**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALONZO G. DAVISON,

      Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

      Respondent - Appellee.

No. 17-5027
(D.C. No. 4:16-CV-00194-GKF-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Alonzo Davison, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to challenge the dismissal of his 28 U.S.C. § 2254 petition. We

deny a COA and dismiss the appeal.

**I**

On October 16, 2002, Davison was convicted by a jury in Oklahoma state court of

one count of lewd molestation and one count of sexually abusing a minor child. He was

sentenced to consecutive prison terms of 50 years and 75 years. On April 28, 2004, the

Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions, but reduced

his sentence to two concurrent 45-year terms. On April 29, 2013, Davison filed a state

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application for post-conviction relief asserting a series of ineffective assistance of counsel claims. The state trial court denied Davison's application on the merits. Davison timely appealed to the OCCA, which affirmed on April 21, 2015.

Davison filed a pro se § 2254 petition in the Northern District of Oklahoma on April 11, 2016, asserting largely the same claims presented in his state post-conviction application. The district court dismissed the petition as untimely, concluding Davison failed to demonstrate he was entitled to equitable tolling. It declined to grant a COA. Davison now seeks a COA from this court.

**II**

A petitioner may not appeal the denial of a § 2254 petition without a COA. § 2253(c)(1)(A). If a habeas petition is disposed of on procedural grounds, we will issue a COA only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Davison's § 2254 petition is governed by the one-year limitations period set forth in § 2244(d)(1). Under that provision, Davison was required to file suit within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Davison does not dispute that his conviction became final on July 28, 2004—ninety days after the OCCA affirmed on direct appeal. See Fleming v. Evans, 481 F.3d 1249, 1257-58 (10th Cir. 2007). Thus, the limitations period expired on July 28,

2

2005. Davison did not file his habeas petition until April 11, 2016, more than ten years late.

Davison argues that he is entitled to equitable tolling due to attorney abandonment and mental illness.[1] Equitable tolling may be appropriate if a litigant establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). We review the district court's denial of equitable tolling for abuse of discretion. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Attorney abandonment may constitute an "extraordinary circumstance" sufficient to toll the habeas limitations period. Maples v. Thomas, 565 U.S. 266, 281-82 (2012). As did the district court, we will assume that the limitations period may be tolled from the time Davison's direct appeal was decided through the date he learned his post-conviction counsel had passed away in 2011. On appeal, Davison argues that the district court should have further tolled the period from 2011 to 2013 because Davison required time to obtain his records and hire new counsel. However, Davison has not explained why this process required more than the one-year limitations period imposed in § 2244(d)(1).

"Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the

---

[1] Davison also asserted a claim of actual innocence below which he appears to have abandoned on appeal.

individual is not capable of pursuing his own claim because of mental incapacity."

Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quotations omitted). Davison argues he is entitled to equitable tolling on this basis because he suffered a mild traumatic brain injury during a car accident in 1999, from which he has experienced a variety of physical and mental symptoms requiring multiple medications over the subsequent fifteen years. He provides medical evidence from doctors who evaluated him between 2000 and 2002, but those records do not suggest Davison was incapable of pursuing his claims from 2011 to 2016. Further, as noted by the district court, many of the notes undermine Davison's claim that he was incapacitated for over a decade. We conclude the district court did not abuse its discretion in denying equitable tolling without an evidentiary hearing. See Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010).[2]

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Davison's state post-conviction application was not filed until after the habeas limitations period expired, and thus does not provide a basis for statutory tolling. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).