**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 29, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ALONZO G. DAVISON,

    Petitioner - Appellant,

v.

STEVEN HARPE,

    Respondent - Appellee.

No. 24-5104
(D.C. No. 4:23-CV-00456-SEH-CDL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

Alonzo G. Davison, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2241 habeas application.  We deny his request for a COA and dismiss this matter.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Davison appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. BACKGROUND

Under Oklahoma law, people convicted of certain offenses committed on or after March 1, 2000, must serve 85 percent of their sentence to be eligible for parole. *See* Okla. Stat. tit. 21, § 12.1.

In 2002, an Oklahoma jury convicted Mr. Davison of lewd molestation (count one) and sexually abusing a minor child (count two). The trial court imposed a 50-year sentence on count one, and a consecutive 75-year sentence on count two. The court's judgment did not say when Mr. Davison committed the crimes. The Oklahoma Court of Criminal Appeals affirmed the convictions but modified the sentences to two concurrent 45-year terms.

In 2004, after the appeal, the trial court amended the judgment, changing the crime of conviction on count one from lewd molestation to sexually abusing a minor child, stating that crime occurred on August 8, 2001, and listing the sentence as 45 years. On count two, the amended judgment noted the crime occurred on January 1, 2000, and changed the sentence to a concurrent 45 years.

In 2023, Mr. Davison applied for § 2241 habeas relief in federal court. Section 2241 permits a state prisoner to challenge the execution of his sentence. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017). Mr. Davison's § 2241 application asserted he had already completed his sentence and disputed how his "sentence is being carried out, calculated, or credited by prison or parole authorities." R. at 31. He alleged they had mistakenly applied the 85-percent rule to his count-one sentence. In his view, he was eligible for parole after serving one-third of the sentence.

2

The district court denied his § 2241 application. The court found that although the 85-percent rule does not apply to Mr. Davison's sentence on count two, it does apply to his sentence for sexual abuse of a minor child committed on August 8, 2001. *See* Okla. Stat. tit. 21, § 13.1 (2001). It follows, the court said, that Mr. Davison will not be eligible for parole until 2040.

## II. DISCUSSION

A state prisoner must obtain a COA to appeal the denial of § 2241 relief. *See* 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To receive a COA, the prisoner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). We deny Mr. Davison's request for a COA because reasonable jurists could not debate that he has failed to state a claim for relief under § 2241.

Mr. Davison does not dispute that if the amended judgment accurately identified when he committed the crime, the 85-percent rule governs. He admits that prison officials applied the 85-percent rule to his count-one sentence because the amended judgment says he committed the crime on August 8, 2001. His § 2241 application fails to show any error in the execution of his sentence.[2]

---

[2] Mr. Davison argues the district court should have held a hearing. A district court has discretion to hold a habeas-case evidentiary hearing, which is unnecessary where, as

In this court, Mr. Davison does not contend prison officials erred in executing his sentence. *See* Appl. for COA at 18. He instead argues the Oklahoma trial court erred by including the date of the count-one offense in the amended judgment. But this attack does not challenge the execution of the sentence and must be made in a § 2254 application.[3] *See Leatherwood*, 861 F.3d at 1042; *see also Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (recognizing a § 2254 application "seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement" (quotations omitted)).

Mr. Davison's § 2241 application identifies only a single ground for relief— improper application of the 85-percent rule. Reasonable jurists would not debate the district court's rejection of that claim.

### III. CONCLUSION

We deny Mr. Davison's application for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

here, the court can resolve a habeas application based on the record. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005). Because the amended judgment refutes Mr. Davison's § 2241 claim, no reasonable jurist could debate that the district court acted within its discretion in not holding a hearing.

[3] Mr. Davison has already challenged his Oklahoma judgment in a § 2254 habeas application. *See Davison v. McCollum*, 696 F. App'x 859, 860 (10th Cir. 2017). He may not file a second or successive § 2254 application challenging the judgment without prior authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A).