**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALONZO G. DAVISON,

     Plaintiff - Appellant,

v.

CLIFFORD SMITH, District Court Judge, District Court of Tulsa County, individual and official capacity; SCOTT ROWLAND, Presiding Judge, Oklahoma Court of Criminal Appeals, individual and official capacity; ROBERT L. HUDSON, Vice Presiding Judge, Oklahoma Court of Criminal Appeals, individual and official capacity; GARY L. LUMPKIN, Judge, Judge, Oklahoma Court of Criminal Appeals, individual and official capacity; DAVID B. LEWIS, Judge, Oklahoma Court of Criminal Appeals, individual and official capacity; TIMOTHY TYMKOVICH, Chief Judge, United States Court of Appeals for the Tenth Circuit, individual and official capacity; JEROME A. HOLMES, Circuit Judge, United States Court of Appeals for the Tenth Circuit, individual and official capacity; JOEL M. CARSON, Circuit Judge, United States Court of Appeals for the Tenth Circuit, individual and official capacity; KEVIN STITT, Governor, State of Oklahoma, individual and official capacity; GENTNER DRUMMOND, Attorney General, State of Oklahoma, individual and official capacity; RYAN WALTERS, State Superintendent of Education, State of Oklahoma, individual and official capacity; STEVEN HARPE, Director, Oklahoma Department of Corrections, individual and official capacity; G.T. BYNUM, Mayor,

No. 24-6256
(D.C. No. 5:24-CV-00483-HE)
(W.D. Okla.)

City of Tulsa, State of Oklahoma, individual and official capacity; STEVEN KUNZWEILER, District Attorney, Tulsa County, Oklahoma, individual and official capacity; EDDIE STREATER, Regional Director, Bureau of Indian Affairs, individual and official capacity; DEB HAALAND, Secretary of the Interior, United States of America, individual and official Capacity; DAVID HILL, Principal Chief, Muskogee Nation, individual and capacity; CHARLES HASKINS, Principal Chief, Cherokee Nation, individual and official capacity; BILL ANOATUBBY, Governor, Chickasaw Nation, individual and official capacity; GARY BATTON, Chief, Chickasaw Nation, individual and official capacity; GREG P. CHILCOAT, Principal Chief, Seminole Nation, individual and official capacity,

Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff Alonzo G. Davison, an Oklahoma inmate proceeding pro se, appeals the district court's sua sponte dismissal of his complaint filed under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Plaintiff is serving a 45-year prison sentence based on 2002 convictions in Tulsa County District Court of lewd molestation of a child and sexually abusing a minor.  After the Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020), Plaintiff engaged in genealogical research and discovered that he "is an Indian as defined by the Major Crimes Act."[1]  R. at 30-31.  Based on that discovery, in October 2020 he filed an application for postconviction relief in state court arguing that because he is an Indian and his crimes occurred on the Muscogee (Creek) Nation reservation, "the State of Oklahoma lacked subject-matter jurisdiction to prosecute him, which lied squarely on the federal government."  R. at 26.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's denial of that application in October 2021.

Plaintiff then requested authorization from this court to file a second or successive application for relief under 28 U.S.C. § 2254.[2]  His proposed application included four claims, including one that we construed as a *McGirt* challenge.[3]  In an order dated May 6, 2022, we denied Plaintiff's motion and explained that his *McGirt* argument was unavailing for two reasons—first, because *McGirt* did not announce a

---

[1] The Major Crimes Act vests exclusive jurisdiction in federal courts over certain enumerated crimes committed by Indians in Indian country.  *See* 18 U.S.C. § 1153(a); *Murphy v. Royal*, 875 F.3d 896, 915 (10th Cir. 2017).

[2] Plaintiff's first § 2254 application was dismissed in 2016 as untimely, and this court denied a certificate of appealability.  *See Davison v. McCollum*, 696 F. App'x 859, 862 (10th Cir. 2017).

[3] The other three claims, which asserted ineffective assistance of counsel, are not pursued in this action.

new rule of constitutional law, and second, because the factual predicate for Plaintiff's claim (his Indian heritage) could have been discovered previously through the exercise of due diligence.

Plaintiff filed this action on May 13, 2024, seeking relief against various state, federal, and Indian officials under § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The 21 named defendants consist of (1) the judges who ruled on Plaintiff's state and federal postconviction motions; (2) several state elected officials, including the district attorney in his criminal case; (3) the director of the Oklahoma Department of Corrections; (4) the Secretary of the Interior and Regional Director of the Bureau of Indian Affairs; and (5) various tribal leaders in Oklahoma.

Plaintiff accuses each of the defendants of acting under color of state, federal, tribal, or international law to implement a policy, practice, and/or custom of "purposeful miscategorization of [him] and other African-Descendant Native Americans." R. at 25. As we understand his claims, defendants are alleged to have wrongfully identified Plaintiff and other "African-Descendant Native Americans" as "slave-Indian, Freeman, mulatto, negro, colored, Black, African-American, and more recently, persons of color." *Id.* In so doing, defendants deprived Plaintiff of the "privileges associated with the status of Indigenous people." *Id.* One such privilege is the right to be prosecuted in federal court. In that regard, Plaintiff accuses the defendants of allowing "the State of Oklahoma to perform duties of federal or tribal authorities, by arresting, trying, and convicting Plaintiff . . . when they [Oklahoma]

lacked authority to convict or punish [him]." *Id.* (first bracketed insertion in original). Plaintiff's alleged injury "is the fact that [he] was not given an opportunity to challenge the denial of his [state] application for Post Conviction Relief which raised a Federal jurisdiction claim under the Major Crimes Act." *Id.* at 33.

In accordance with its screening obligations under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A, the district court dismissed the complaint sua sponte, citing two bases for its decision. First, it determined that all claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's allegation "that the state courts did not have subject matter jurisdiction to prosecute him . . . directly challenges the validity of [his] conviction and sentence." R. at 75. Second, the court held that the claims against the defendant judges and state prosecutor were barred by absolute immunity.

## DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Dismissal is proper when it is "obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks omitted). Employing the same standard of review applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6), "we accept the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff." *Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1247 (10th Cir. 2022) (internal quotation marks omitted). Because Plaintiff is

a pro se litigant, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

### A. Applicability of *Heck v. Humphrey*

Plaintiff first challenges the district court's reliance on *Heck.* He argues that he is not disputing the validity of his conviction or attempting to reduce his sentence but is merely raising a "procedural challenge[]" related to the improper handling of his state postconviction motion. Aplt. Br. at 4. As best we can interpret his argument, the alleged underlying errors were several due-process violations by the state trial court in adjudicating his 2020 application for postconviction relief. Then, while his appeal to the OCCA was pending, that court issued a decision in another case that "altered the rules of the Post-Conviction Procedure Act," and it applied "this New Procedural Rule to deny Plaintiff's Post-Conviction Appeal," in violation of the Ex Post Facto Clause. *Id.* at 7 (internal quotation marks omitted).

Plaintiff also accuses this court of violating due process through errors in rejecting his 2022 motion for authorization under 28 U.S.C. § 2244(b). He appears to challenge our analysis of the merits of his claim and our determination that the factual predicate for his claim could have been discovered earlier.

As for the nonjudicial defendants, Plaintiff argues that his claims do not attack the validity of his confinement or sentence but relate to their practice of "miscategorizing . . . African-Descendant Native-Americans," Aplt. Br. at 9-10, which he blames for delaying his discovery that he is an Indian under the Major Crimes Act. Through this § 1983 action, Plaintiff seeks a judicial determination that

6

defendants' policies are "a direct cause for, 1) the violation of the Ex Post Facto Clause, and 2) deprivation of [his] Procedural Due Process Rights . . . as it pertains to the adjudication of [his] Post Conviction Proceedings, for the purpose of the Major Crimes Act." Aplt. Br. at 11-12.

We agree with the district court that Plaintiff's complaint falls squarely within *Heck*'s prohibition. All his claims are based on the allegation that defendants' policies deprived him of the "privileges associated with the status of Indigenous people." R. at 25. But the only such privilege specified with any clarity in his complaint is the right of Indians to be prosecuted in federal court under the Major Crimes Act. And Plaintiff's claimed injury, as we noted earlier, was being denied the opportunity to challenge the denial of his state postconviction motion, "which raised a Federal jurisdiction claim under the Major Crimes Act." *Id.* at 33.

It is well established "that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks omitted). Included within this prohibition are actions that challenge the duration of confinement, whether directly or "*indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. The complaint in this action explicitly challenges the lawfulness of the state's custody on jurisdictional grounds and also seeks an adjustment to Plaintiff's sentence to comport with federal guidelines. Though styled as a civil action, the complaint plainly seeks relief that is exclusively available via

habeas corpus and is therefore barred by *Heck*. It was properly dismissed without prejudice under § 1915(e)(2)(B)(ii).

Moreover, to the extent Plaintiff seeks to challenge this court's denial of his motion for authorization under § 2244(b)(2), his claims constitute an improper end run around the statutory bar of § 2244(b)(3)(E) and would be subject to dismissal on that ground. *See* § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.").

## B. Immunity

The district court dismissed Plaintiff's claims against the defendant judges and state prosecutor with prejudice based on absolute immunity. Subject to certain narrow exceptions, judges have absolute immunity for acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Likewise, "[a] prosecutor is absolutely immune for activities which are intimately associated with the judicial process such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (internal quotation marks omitted).

 Plaintiff does not make any specific argument challenging the applicability of prosecutorial immunity. Nor does he argue that his claims against the judges fall within any exception to judicial immunity. Rather, he argues that such immunity does not apply here because he asserted only official-capacity claims and does not seek monetary damages but is seeking only prospective relief. Plaintiff, however, has not alleged any anticipated injury justifying prospective relief and therefore lacks

8

standing under § 1983. *See K.A. v. Barnes*, 134 F.4th 1067, 1075-76 (10th Cir. 2025) (plaintiff whose parental rights had been terminated lacked standing to seek prospective declaratory relief regarding policies affecting parental rights). Now that Plaintiff has been able to identify himself as an Indian, the alleged policies, practices, and customs of the defendants can have no future consequences to him, and he cannot seek relief on behalf of others.

Finally, we take note of Plaintiff's apparent confusion stemming from the district court's failure to specifically identify the defendants being dismissed by its order. But the district court's order was clear. It dismissed all claims against the judges and district attorney with prejudice based on absolute immunity. All claims against the remaining defendants were dismissed without prejudice as barred by *Heck*.

## CONCLUSION

We affirm the judgment below. We grant Plaintiff's motion to proceed without prepayment of costs or fees and remind him of his continuing obligation to make partial payments on this appeal until the filing fee is paid in full.

Entered for the Court

Harris L Hartz
Circuit Judge

9